IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01632-LTB

EDWARD ALAN ELDRIDGE,

    Applicant,

v.

WARDEN/SUPERINTENDENT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DENYING MOTION TO RECONSIDER

    Applicant, Edward Alan Eldridge, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He filed *pro se* on December 23, 2011, a motion to reconsider (ECF No. 11) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 12) together with a certificate of the warden or other appropriate officer of the institution at which he is confined as to the amount of money or securities on deposit in his inmate trust fund account statement. Mr. Eldridge asks the Court to reconsider the order of August 8, 2011, which denied the application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to cure the deficiencies designated in the order of June 29, 2011, and dismissed the action without prejudice.

    The Court must construe liberally Mr. Eldridge's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. The Court will consider Mr. Eldridge's motion to reconsider pursuant to Rule 60(b) because it was filed more than twenty-eight days after the judgment was entered in this action. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Some background is in order. On June 29, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Eldridge to cure certain enumerated deficiencies in the case. Specifically, Mr. Eldridge was ordered within thirty days either to pay the $5.00 filing fee for a habeas corpus action or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate of the warden showing the current balance in his prison account. The June 29 order warned Mr. Eldridge that, if he failed to cure the designated deficiencies within the time allowed, the application would be denied and the action dismissed without prejudice and without further notice.

On July 26, 2011, Mr. Eldridge, in response to the June 29 order, submitted a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and account statement lacking a certificate of the warden or other appropriate officer of the institution at which he is confined as to the amount of money or securities currently on deposit in his inmate trust fund account statement. Mr. Eldridge also submitted a letter that informed the Court he intended to pay the $5.00 filing fee but failed to provide a date by which the $5.00 fee would be paid, and asked the Court to grant him leave to proceed *in forma pauperis* pursuant to § 1915 in the interim. However, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action he submitted was deficient for reasons previously stated in this order, i.e., the account statement lacked a certificate of the warden or other appropriate officer of the institution at which he is confined as to the amount of money or securities currently on deposit in his inmate trust fund account statement, and discussed in detail in the August 8 dismissal order.

Mr. Eldridge's motion for reconsideration is not a new opportunity to cure the reason for the dismissal in the first place, i.e., his failure to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate of the warden showing the current balance in his prison account. The time to cure the deficiencies in this action was by the deadline set by the June 29 cure order, not after.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Eldridge fails to demonstrate any extraordinary circumstances that would justify a motion to reconsider and, therefore, the motion will be denied. See *Massengale*, 30 F.3d at 1330.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 11) that Applicant, Edward Alan Eldridge, filed *pro se* on December 23, 2011, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 12) is denied as moot.

DATED at Denver, Colorado, this  2nd  day of   February  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court